UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

M. ALI PIRSALEHY                                CIVIL ACTION

VERSUS                                          NO. 05-2127

SUN LIFE ASSURANCE                              SECTION "J" (3)
COMPANY OF CANADA

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand. The motion is opposed. After considering the motion, opposition, applicable law and the record, the Court finds that Plaintiff's motion should be DENIED.

**BACKGROUND**

On July 7, 2004, Devin O. Pirsalehy ("Devin"), was killed in a vehicular accident on Earhart Expressway in New Orleans, Louisiana. At the time of the accident Devin was insured under a policy issued by Defendant, Sun Life Assurance Company of Canada ("Sun Life"), to his employer, the Jefferson Parish Water Department. The policy provided for accidental death benefits of $100,000. The policy named Devin's father, M. Ali Pirsalehy ("Pirsalehy" or "Plaintiff"), as the beneficiary. Sun Life paid

1

the claim for the death benefit due under the group policy, but denied benefits to Plaintiff for the accidental death of his son based on the contention that Devin's death was due to (or resulted from) his operation of a motorized vehicle while intoxicated.

On May 11, 2005, Plaintiff filed suit against Defendant, purportedly under the Louisiana Direct Action Statute, in the matter entitled "M. Ali Pirsalehy v. Sun Life Assurance Company of Canada," 24th Judicial District Court, Parish of Jefferson, Docket No. 620-212, Div. "O".  On June 3, 2005, Defendant removed the action to this Court based on diversity of citizenship.

## LAW AND DISCUSSION

Title 28 of the United States Code, Section 1441(b) "specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[1]  Federal removal jurisdiction extends to disputes between citizens of different States, where the amount in controversy exceeds $75,000.[2]

---

[1] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir.2004) (quoting 28 U.S.C. § 1441(b)).

[2] 28 U.S.C. § 1332(a).

28 U.S.C. § 1332(c)(1) deems a corporation, such as an insurance company, a citizen of the state in which it is incorporated, unless a plaintiff takes a "direct action" against the insurer of a policy of liability insurance, in which case the insurer is deemed a citizen of the plaintiff's state.  The Louisiana Direct Action Statute, LSA-R.S. 22:655, creates a situation under 28 U.S.C. § 1332(c)(1), in which a defendant insurance company must adopt the Louisiana citizenship of its insured, thereby destroying diversity of citizenship.  Under the Louisiana Direct Action Statute, an injured person, or his survivors or heirs, have a right of direct action against a liability insurer.[3]  In other words, the plaintiff may bring the tort action against the insurer that it would have otherwise brought against the insured.

Analyzing the affect Louisiana's Direct Action Statute has under 28 U.S.C. § 1332(c)(1), the Fifth Circuit has held that the Direct Action Statute applies only to cases in which an injured

---

[3] Subsection B of the Louisiana Direct Action Statute provides in pertinent part:
> B(1): The injured person . . . at [his] option, shall have a right of direct action against the insurer within the terms and limits of the policy, and, such actions may be brought against the insurer alone, or against both the insured and insurer may jointly and in solido . . . However, such action may be brought against the insurer alone only when:
>     ...
> (f) The insured is deceased.

third party is suing an insurer as a result of tortious conduct, not as a result of a breach of contract.[4]  The Fifth Circuit has explained that "[28 U.S.C. §] 1332(c) consigned to the state courts cases of a local nature between parties who are citizens of the same state, regardless of the circumstance that one or more of the parties is insured by a foreign-incorporated insurance company."  However, the Louisiana Direct Action Statute "applies only to torts and not to contract disputes," and, therefore, the statute does not destroy diversity of citizenship under § 1332(c)(1) in breach of contract cases.

The present matter is not an action based in tort – Plaintiff has sued Defendant for breach of contract.  Thus, Plaintiff cannot avail himself of the direct action exception provided in § 1332(c)(1).  Consequently, this matter must be analyzed under 28 U.S.C. 1332(a), which states that federal jurisdiction extends to cases in which there are citizens of different states and the amount in controversy exceeds $75,000.  The parties are diverse: Plaintiff is a citizen of the State of Louisiana, and Defendant is a foreign corporation with its principal place of business in the Commonwealth of Massachusetts.  Further, the amount in controversy satisfies the requisite

---

[4] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985).

jurisdictional amount for federal jurisdiction.  Consequently, Plaintiff's motion to remand should be DENIED.  Accordingly,

   **IT IS ORDERED** that **Plaintiff's Motion to Remand** (Rec. Doc.4) should be and hereby is **DENIED**.

   New Orleans, Louisiana this the 26th day of July, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE